UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

MICHAEL POLETTI, *et al.*,

      Plaintiffs,         :

v.

                                    Case No. 2:25-cv-1506
                                    Chief Judge Sarah D. Morrison
                                    Magistrate Judge S. Courter M.
WERNER ENTERPRISES INC.,                   Shimeall
*et al.*,                         :

      Defendants.

## OPINION AND ORDER

This matter is before the Court on the Plaintiff's Motion to Remand. (Mot., ECF No. 8.)  For the reasons set forth below, Plaintiff's Motion is **GRANTED.**

## I.    BACKGROUND

Michael and Nicole Poletti, residents of Pennsylvania, were involved in a traffic accident on Interstate Route 70, which they say was caused by Ricardo Pluviose's negligence. Mr. Pluviose was employed as a commercial truck driver by Werner Enterprises Inc. and/or Werner Trucking Co., and he was within the course and scope of that employment at the time of the accident with the Polettis.

The Polettis filed suit against Mr. Pluviose and the two Werner companies on September 25, 2023, in the Franklin County, Ohio Common Pleas Court. After discovery in the 2023 case, they voluntarily dismissed the action without prejudice.

The Polettis re-filed their suit on November 24, 2025, in the Franklin County Common Pleas Court. (ECF No. 4.) Werner Enterprises Inc. then removed the suit

to this Court. (ECF No. 1.) According to the docket, neither Mr. Pluviose nor Werner Trucking Co. have been served with summons.

## II.    ANALYSIS

Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 374, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994). As established by 28 U.S.C. § 1441(a), federal courts can acquire removal jurisdiction over a state court action if that action originally could have been filed in federal court. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, 107 S. Ct. 2425, 96 L. Ed. 2d 318 (1987); *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir.2000). But the congressional intent was to restrict the removal jurisdiction of federal courts, so § 1441 should be narrowly construed to ensure "due regard for the rightful independence of state government." *Shamrock Oil Corp. v. Sheets*, 313 U.S. 100, 107-109, 61 S. Ct. 868, 85 L. Ed. 1214 (1941); *Long v. Bando Mfg. of America, Inc.*, 201 F.3d 754, 757 (6th Cir.2000) (explaining that because the removal statutes implicate federalism concerns, they are to be narrowly construed against removal). In the interest of comity and federalism, any ambiguity regarding the scope of the removal statutes and all doubts as to whether removal is proper should be resolved in favor of remand to the state courts. *Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 534 (6th Cir.1999); *Coyne ex rel. Ohio v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir.1999).

The party seeking to litigate in federal court has the burden of establishing the existence of federal subject matter jurisdiction. *Mitchell v. Lemmie*, 231 F. Supp. 2d 693, 697 (S.D. Ohio 2002) (Rice, J.) (citing *McNutt v. Gen. Motors Acceptance Corp. of Indiana,* 298 U.S. 178, 189, 56 S. Ct. 780, 80 L. Ed. 1135 (1936)). In this case, Werner Enterprises bears this burden because it sought the federal forum by filing its Notice of Removal.

In their Motion to Remand, the Polettis argue that remand is appropriate for three reasons: (1) removal was prohibited by the forum defendant rule; (2) the Notice of Removal was untimely, and; (3) Werner Enterprises waived its ability to remove the case to federal court. (Mot.) Because the Polettis' first argument is dispositive, the Court will start and end there.

**The Forum Defendant Rule**

The Forum Defendant Rule, 28 U.S.C. § 1441(b)(2), prohibits removal "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." The Complaint alleges that Mr. Pluviose is a resident of Ohio (ECF No. 4, ¶ 7), so the Polettis argue that Werner's removal is barred. (Mot.)

Werner claims that Mr. Pluviose no longer resides in Ohio. It says that he "moved his domicile to Florida in 2022 [and] has resided there since." (ECF No. 10, PageID 112-13.) In support of this assertion, it provides an excerpt of the transcript of a deposition of Mr. Pluviose taken on July 12, 2024; at that time, he said that he was living in Orlando, Florida, and had been there for two years. (*Id.*, PageID 129-

3

32.) Yet he still had an Ohio driver's license at the time of his deposition. (*Id.*, PageID 130.)

Federal courts recognize that "[a]n individual is not necessarily a citizen of the place in which that individual resides. Rather, an individual is a citizen of the state in which that individual is domiciled, as defined by the individual's (1) physical presence within a state; and (2) intent to remain indefinitely." *Blaszczyk v. Darby*, 425 F. Supp. 3d 841, 845 (E.D. Mich. 2019) (citing *Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48, 109 S. Ct. 1597, 104 L. Ed. 2d 29 (1989)); *see also Fritz Dairy Farm, LLC v. Chesapeake Expl., LLC*, 567 F. App'x 396, 398 (6th Cir. 2014) (citizenship means domicile: the state where a party both physically resides and intends to remain). "Domicile is not necessarily synonymous with residence, and one can reside in one place but be domiciled in another." *Miss. Band of Choctaw Indians*, 490 U.S. at 48 (internal quotation marks and citations omitted). "For adults, domicile is established by physical presence in a place in connection with a certain state of mind concerning one's intent to remain there." *Id*.

Werner has not carried its burden of establishing this Court's removal jurisdiction. Mr. Pluviose's deposition testimony answered only one part of the analysis – that he was living in Florida. Werner provides no evidence regarding Mr. Pluviose's intent to remain in Florida, to return to Ohio, or to move someplace else. Moreover, his testimony in 2024 about where he was residing at that time tells the Court nothing about where he was residing when the Complaint was filed and when

4

the Notice of Removal was filed.[1] These ambiguities must be construed against federal jurisdiction.

## III.    CONCLUSION

For the reasons set forth above, Plaintiffs' Motion to Remand Case to State Court is **GRANTED**.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[1] Citizenship for removal purposes is determined both at the time the state action is commenced and at the time the defendant files the petition for removal. *See, e.g., Easley v. Pettibone Mich. Corp.*, 990 F.2d 905, 908 (6th Cir. 1993) (addressing whether diversity of citizenship exists).